UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHONG L. LEE,

          Plaintiff,

       v.                                       Case No. 25-C-282

ROBIN ZILES and
SGT. STEINERT,

          Defendants.

## SCREENING ORDER

Plaintiff Chong Lee, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Lee's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Lee has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Lee has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $16.45. Lee's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Lee, he was sent to temporary lock-up on May 10, 2024, for making threats and for disruptive behavior, although he was never given a conduct report. Lee asserts that, per

2

policy, the security director should have reviewed the unprocessed conduct report within five working days, but he instead left Lee in temporary lock-up for the full twenty-one days before dismissing the conduct report and releasing Lee. Lee asserts that, per policy, he should have received his full wages as a prison industries employee while he was in temporary lock-up because the conduct report was dismissed. Instead, Defendants Robin Ziles and Sgt. Steinert fired him from his job in retaliation for "beat[ing] his ticket (conduct report) by using the system." Lee explains that they cited his alleged violation of work rules as the reason for his termination, but they had no proof that he assaulted anyone. He asserts that the true reason they fired him was "because of the failures of the staff not doing their duty by prosecuting Lee." According to Lee, this is double jeopardy because he beat the due process system and therefore cannot be punished with the loss of his job for the same alleged rule violation.

## THE COURT'S ANALYSIS

To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Lee fails to state a claim because he does not allege that he engaged in protected activity. According to Lee, he was in temporary lock-up while officials investigated allegations that he threatened someone and/or engaged in disruptive conduct. It is not clear why, but the security director dismissed the conduct report and released Lee from temporary lock-up. On these facts, it appears that Lee did not engage in *any* activity, let alone protected activity. All Lee did is wait for the investigation to run its

3

course. Accordingly, because Lee cannot satisfy the first or third prongs of the standard, he fails to state a retaliation claim against the Defendants.

The Court understands that Lee is frustrated that he was fired for misconduct after the security director dismissed the conduct report. But the mere fact that the security director decided not to pursue disciplinary charges against Lee does not mean that Lee "beat his ticket" as he suggests, nor does it mean that there was insufficient evidence for Defendants to conclude Lee broke *work* rules, even if others believed there was insufficient evidence to prove Lee violated *prison* rules. In any event, it has long been held that a prisoner who loses his prison job does not suffer a violation of due process because prisoners have no liberty interest in their prison jobs. *McGee v. Mayo*, 211 F. App'x 492, 494 (7th Cir. 2006) (citing *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000)). Lee therefore fails to state a claim in connection with allegations that Defendants improperly fired him.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Lee believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **April 25, 2025**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). The Court will enclose an amended complaint form along with this decision. If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Lee's failure to state a claim in his original complaint. If Lee does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further.

**IT IS THEREFORE ORDERED** that Lee's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **April 25, 2025**, Lee may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Lee a blank prisoner amended complaint form along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Lee shall collect from his institution trust account the $333.55 balance of the filing fee by collecting monthly payments from Lee's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Lee is transferred to another institution, the transferring institution shall forward a copy of this Order along with Lee's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Lee is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Lee is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 28th day of March, 2025.

William C. Griesbach
United States District Judge