CHONG L. LEE,

        **Plaintiff,**

        **v.**                              **Case No. 25-C-282**

ROBIN ZILLS et al.,

        **Defendants.**

## DECISION AND ORDER GRANTING DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

Plaintiff Chong Lee is a prisoner who is representing himself in this 42 U.S.C. §1983 action. He is proceeding on a retaliation claim based on allegations that Defendants terminated his employment because he sought to enforce procedural rules to get a conduct report about an attempted assault dismissed. On January 16, 2026, Defendants filed a motion for summary judgment, asserting that Lee was terminated because the attempted assault showed that Lee posed a dangerous safety risk to others at his place of employment. Dkt. No. 23. For the reasons explained below, the Court will grant the motion and dismiss this case.

## BACKGROUND

At the relevant time, Lee was housed at Waupun Correctional Institution, where James Steinert worked as a correctional sergeant and Robin Zills worked as an industries supervisor through the Department of Adult Institutions/Bureau of Correctional Enterprises. Zills supervised the operations of the metal shop, where Lee was employed as a quality assurance inspector from November 8, 2022, until he was terminated on May 30, 2024. Dkt. Nos. 25, 34 at ¶¶1-5, 16.

An officer (who is not a Defendant) noted in a conduct report that, on May 10, 2024, he saw Lee exit his cell barefoot and proceed to the next cell. According to the conduct report, while

standing outside of the cell, Lee assumed a boxing stance and appeared to throw a punch while entering the neighboring cell. The conduct report states that Lee then returned to his cell, at which point the officer locked him in to prevent further interactions with inmates. The conduct report notes that the inmate in the neighboring cell stated that, although Lee had not made contact with him, he was afraid for his safety. According to the conduct report, a supervisor was notified, and Lee was escorted to the restricted housing unit. It appears that, in response to follow-up questions from the security director on May 28, 2024, the conduct report was revised and completed on May 29, 2024. Lee was charged with disruptive conduct and entering another inmate's cell. On June 13, 2024, the security director dismissed the conduct report because it had not been timely served on Lee consistent with Wis. Stat. DOC §303.80(1). The conduct report was not timely served because the officer who wrote it temporarily left the institution. By the time he came back to the institution to complete and serve it, it was too late. Moreover, video of the encounter was not preserved because the officer failed to properly request preservation of the video. Dkt. Nos. 25, 34 at ¶¶6-14, 25, 32-34; Dkt. No. 26-1; Dkt. No. 28 at ¶21.

Steinert, who is the security officer in the metal shop, became aware of the conduct report and brought it to Zills' attention. As industries supervisor, Zills has the authority to terminate an employee due to a security and/or safety threat. Steinert and Zills agreed that, in light of the assaultive behavior described in the conduct report, Lee should not be allowed back in the metal shop because the shop is full of potential weapons. Steinert and Zills explain that Lee's assaultive behavior suggested that allowing Lee to work in an environment with potential weapons within reach could be extremely dangerous. Lee's employment was terminated on May 30, 2024, the day after the conduct report was completed, but security did not terminate Lee's employment in the system until July 17, 2024. Dkt. Nos. 25, 34 at ¶¶13-22, 27, 29.

2

In his legal brief, which is neither sworn nor verified to be true and correct under penalty of perjury, Lee insists that he never engaged in assaultive behavior. He explains that the inmate housed in the neighboring cell was called a snitch and that he accused Lee and another inmate of having started the rumor. Lee states that the inmate came to his cell, holding his shower bag. When Lee exited his cell, the inmate swung his shower bag at Lee, who went into a boxer's stance to block the bag. Lee asserts that someone got between them and pushed Lee back into his cell. The aggressive inmate tried to follow, but the bystander stopped him. Lee asserts that this is when the officer arrived and directed the aggressive inmate to return to his cell. When the officer asked Lee what happened, Lee, who asserts that he did not want to be a snitch, told the officer to go check the cameras. Dkt. No. 33 at 1-2, 7.

According to Lee, "[t]he security director and security officer went thoroughly over [the alleged assaultive behavior] before dismissing his conduct report." Lee asserts that "[t]he security director and the warden both had to make decisions before Lee was released from [temporary lockup]." Dkt. No. 33 at 6-7. Defendants highlight that, as noted on the conduct report, the conduct report was dismissed because it was not served in a timely manner, not because Lee was determined to be innocent of the charges against him. Dkt. No. 25 at ¶24.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party

3

opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Lee asserts that Defendants retaliated against him when they terminated his employment at the metal shop in response to him securing the dismissal of a conduct report on procedural grounds. To prevail on a retaliation claim, a plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

Defendants are entitled to summary judgment because Lee has not created a triable issue on the third prong of the standard. Lee presents no evidence from which a jury could reasonably conclude that his First Amendment activity was the but-for cause of the Defendants' decision to terminate his employment. Defendants explain that after reviewing the conduct report, they decided that the behavior described by the officer showed that allowing Lee to be in the metal shop surrounded by potential weapons could be dangerous to other inmates. Based on this potential risk to others' safety and the security of the metal shop, Defendants decided to terminate Lee's employment.

Lee asserts that the officer's description of his conduct was inaccurate. He states that he has never assaulted anyone and that he was only defending himself against a potential attack from another inmate. But Lee provides no evidence from which a jury could reasonably conclude that Defendants knew the conduct report was inaccurate. As Defendants highlight, the conduct report was dismissed on procedural grounds because it was not timely served, not because Lee was found innocent of the charges. Lee states that the security director and the warden both did a thorough review of the issue before releasing him from temporary lockup, but he provides no admissible evidence to support this assertion, nor does he provide any evidence suggesting that Defendants knew about the security director and warden's review. Defendants knew only that an officer stated that he observed Lee aggressively take a swing at another inmate. Given the Defendants' stated concerns about maintaining the safety of other inmates and the security of the metal shop, no jury could reasonably conclude that they terminated Lee's employment because of his efforts to get the conduct report dismissed on procedural grounds. *See Winston v. Fuchs*, 837 F. App'x 402, 404-05 (7th Cir. 2020) (holding that a plaintiff must produce evidence for a reasonable jury to find that the protected activity was the but-for cause of the adverse action) (citing *Nieves v. Bartlett*, 587 U.S. 391, 416 (2019)). Defendants are, therefore, entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 23) is **GRANTED** and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 3rd day of June, 2026.

William C. Griesbach
United States District Judge

5

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

6